CENTER FOR DISABILITY ACCESS, LLP
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
(760) 480-4162
Fax: (760) 480-4170

Attorney for Plaintiff, PEDRO GARCIA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PEDRO GARCIA,

    Plaintiff,

v.

COUNTY OF SAN DIEGO, and DOES 1 through 100, inclusive

    Defendants.

Case No.: '08 CV 0195 BTM JMA

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** AMERICANS WITH DISABILITIES ACT OF 1990; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT

**DEMAND FOR JURY**

    Plaintiff PEDRO GARCIA complains of Defendants COUNTY OF SAN DIEGO, and DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**PARTIES:**

    **1.** Plaintiff is a California resident with physical disabilities. He suffers from Ataxia and requires a wheelchair for mobility.

    **2.** Defendant is the County of San Diego, a governmental entity, which has a Court facility located at 220 W. Broadway, San Diego, California.

    **3.** Plaintiff does not know the true names of Defendants, their business

-1-

Complaint

ORIGINAL

capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 100, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 100, inclusive, are ascertained.

**4.** This case arises out of Defendants' failure to provide persons with disabilities the minimum legally required access; and failure to amend or introduce policies to accommodate persons with disabilities, in the San Diego Superior Court facility located at 220 W. Broadway, San Diego, California, hereinafter referred to as ("Courthouse"), which are facilities owned, operated, controlled and/or maintained by the County of San Diego, a governmental and public entity.

**5.** The Courthouse is characterized by architectural barriers including, but not limited to, inaccessible bathrooms.

**6.** Defendants have denied equal access to Plaintiff based solely on his mobility disabilities in that Defendants have knowingly and intentionally refused to comply with the requirements of federal and state law regarding access to public facilities.

**JURISDICTION:**

**7.** This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

**8.** Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

**VENUE:**

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. The County of San Diego is a governmental entity, with its facilities being places of public accommodation.

11. The Plaintiff has been to the Courthouse on several occasions to take care of business in the traffic division, most recently on February 16, 2007.

12. During Plaintiff's visits, he encountered various violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including, but not limited to, there were inaccessible bathrooms.

13. Naturally, Plaintiff GARCIA was frustrated, angry and/or vexed as a result of encountering these conditions, these violations of his civil rights, and the lack of safe, convenient and accessible public facilities. Although these injuries are modest in scope and did not result in any loss of wages or economic damage or medical care or attention, the continued violation of the Plaintiff's civil rights by these Defendants and the highly unpleasant emotional distress caused by such unlawful treatment is attributable to the actions or inactions of the Defendants and Plaintiff seeks redress from these Defendants for such injury.

14. T Plaintiff would like to be able to access the Courthouse on a "full and equal" basis, but until the Courthouse is brought into compliance with the provisions of the Americans with Disabilities Act Accessibility Guidelines and state accessibility law as pled herein, Plaintiff is unable to do so.

I. **FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants) (42 U.S.C. 12101 et seq.)

15. Plaintiff repleads and incorporates by reference, as if fully set forth again

Complaint

herein, the allegations contained in all prior paragraphs of this complaint.

16. The Defendants' Courthouse is a public entity, which provides services to the public, and a place of public accommodation. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there were inaccessible bathrooms, is unlawful and has resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

17. Defendants' acts and omissions alleged herein are in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101, *et. seq.*, and the regulations promulgated thereunder, 28 C.F.R. Part 35, *et. seq.*

18. Defendants' conduct constitutes ongoing and continuous violations of the ADA and, unless restrained from doing so, Defendants will continue to violate such law. This conduct, unless enjoined, will continue to inflict injuries for which Plaintiffs have no adequate remedy at law. Consequently, Plaintiffs are entitled to injunctive relief pursuant to section 308 of the ADA (42 U.S.C. 12188).

19. Wherefore, Plaintiff prays for relief as hereinafter stated.

**II. SECOND CAUSE OF ACTION** (Violation of The Unruh Civil Rights Act, On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51 et seq.)

20. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint and incorporate them herein as if separately repled.

21. The actions of the Defendants have violated and continue to violate the Unruh Civil Rights Act, Cal. Civ. Code sections 51 *et. seq.*, in that physically disabled persons

are either not provided services and facilities that are provided to other persons, or are provided services and facilities that are not equal to, and are inferior to, the services provided to persons who are not physically disabled.

22. As of January 1, 1993 and thereafter, Defendants have committed additional violations of the Unruh Civil Rights Act in that the conduct of alleged herein constitutes violations of various provisions of the ADA, 42 U.S.C. sections 12101 *et. seq.*, as set forth above, includes Defendants' failure to remove architectural barriers which were readily achievable to remove.

23. The actions of the Defendants were and are in violation of the Unruh Civil Rights Act, Cal.Civ.Code sections 51 *et. seq.* and, therefore, Plaintiff is entitled to injunctive relief. In addition, Defendants are liable to the Plaintiff for each and every offense for actual damages incurred but in no case less than $4,000 per offense. Plaintiff is also entitled to attorneys' fees.

III. **THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

24. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint and incorporate them herein as if separately repled.

25. The actions of the Defendants have violated and continue to violate the California Disabled Persons Act, Cal. Civ. Code sections 54 *et. seq.*, in that physically disabled persons are either not provided services and facilities that are provided to other persons, or are provided services and facilities that are not equal to, and are inferior to, the services provided to persons who are not physically disabled, in that they have failed to make reasonable modifications in policies, practices, or procedures where such modifications as are necessary to afford a person with a disability proper access to and enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by Defendants' Courthouse, specifically the fact that the Courthouse has inaccessible bathrooms. Defendants' actions are unlawful and have resulted in the

Complaint

Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

Wherefore, Plaintiff prays that this court grant relief and damages as hereinafter stated:

**RELIEF REQUESTED:**

Plaintiff prays that this court award damages and provide relief as follows:

**1.** For injunctive relief, compelling Defendants to comply with the Unruh Civil Rights Act. **Note:** the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

**2.** Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act. **Note:** A Defendant cannot be held liable for damages under both the Unruh Civil Rights Act and the California Disabled Persons Act and the Plaintiff will make an election at trial depending upon the evidence amassed.

**3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: January 22, 2008            CENTER FOR DISABILITY ACCESS, LLP

By:_____
MARK D. POTTER
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated:   January 22, 2008            CENTER FOR DISABILITY ACCESS, LLP

By:_____
MARK D. POTTER
Attorneys for Plaintiff

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PEDRO GARCIA

'08 CV 0195 BTM JMA

**DEFENDANTS**
COUNTY OF SAN DIEGO, and DOES 1 through 100, inclusive

(b) County of Residence of First Listed Plaintiff  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark D. Potter SBN 166317; 100 E. San Marcos Blvd, Suite 400, San Marcos, CA 92069; (760) 480-4162

Attorneys (If Known)
Unknown

FILED
08 JAN 31 PM 4:18
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 12101 et seq.

Brief description of cause:
Americans with Disabilities Act of 1990; Unruh Civil Rights Act; California Disabled Persons Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  1-30-08
SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**
RECEIPT # 147088   AMOUNT $350-   1/31/08 BW   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

**ORIGINAL**

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: 47 USC 553
                                                                                             Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
          UNITED STATES
          DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

          # 147088    - BH

          January 31, 2008
              16:16:08


          Civ Fil Non-Pris
       USAO #.: 08CV0195 CIVIL FILING
       Judge..: BARRY T MOSKOWITZ
       Amount.:              $350.00 CK
       Check#.: BC# 21603



          Total-> $350.00


       FROM: GARCIA V. COUNTY OF SAN DIEGO
             CIVIL FILING
```