JOHN J. SANSONE, County Counsel
County of San Diego
By: WILLIAM H. SONGER, Senior Deputy (SBN: 153733)
1600 Pacific Highway, Room 355
San Diego, California 92101
Telephone: (619) 531-4749
Facsimile: (619) 531-6005

Attorneys for Defendant County of San Diego

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO GARCIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SAN DIEGO and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | No. 08-CV-0195 BTM (JMA)<br><br>ANSWER BY DEFENDANT COUNTY OF SAN DIEGO |

The County of San Diego answers the allegations of plaintiff's Complaint as follows:

1. The County has insufficient information and belief on which to base either a denial or admission of the allegations in paragraph 1 and on that basis denies.

2. The County admits that it is a government entity; as to all other allegations in paragraph 2, the allegations are denied.

3. The County denies the allegations in paragraphs 3, 4, 5 and 6.

4. The allegations of paragraphs 7, 8, 9, and 10 consist predominantly of or contain legal conclusions requiring no answer. To the extent an answer is required, the County denies all allegations in these paragraphs except as previously admitted.

5. The County has insufficient information and belief on which to base either a denial or admission of the allegations in paragraphs 11, 13 or 14 and on that basis denies.

6. The County denied the allegations in paragraph 12.

7. With respect to paragraph 15, the County repeats and incorporates its responses to the paragraphs preceding and succeeding said paragraph.

8. The County denies the allegations in paragraphs 16, 17, 18 and 19.

9. With respect to paragraph 20, the County repeats and incorporates its responses to the paragraphs preceding and succeeding said paragraph.

10. The County denies the allegations in paragraphs 21, 22 and 23.

11. With respect to paragraph 24, the County repeats and incorporates its responses to the paragraphs preceding and succeeding said paragraph.

12. The County denies the allegations in paragraph 25.

## AFFIRMATIVE DEFENSES

The COUNTY asserts the following affirmative defenses to plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. No acts of omissions of COUNTY were the actual, proximate, or legal cause(s) of the damages and/or injuries alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

3. The acts and/or omissions of Plaintiff, and/or Plaintiff's agents or others, were the actual proximate, and/or legal cause(s) of the damages and/or injuries alleged in the Complaint, and Plaintiff's recovery against COUNTY, if any, must be reduced or offset entirely accordingly.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff claims against COUNTY must fail in whole or in part because Plaintiff did not give COUNTY reasonable or proper notice of Plaintiff's suit and/or claims against COUNTY, pursuant to applicable governmental claim statutes and case law, and therefore the action is barred.

///

## FIFTH AFFIRMATIVE DEFENSE

5. Any loss, injury, or damage incurred by Plaintiff were caused by the negligent or willful acts or omissions of parties whom COUNTY neither controlled nor had the right to control, and was not legally caused by any acts, omissions, or other conduct of COUNTY.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff has suffered no damages as a result of any action taken by COUNTY or its agents, if any, and thus is barred from asserting any claims for relief against COUNTY.

## SEVENTH AFFIRMATIVE DEFENSE

7. All activities of COUNTY, as alleged in the Complaint, conform to and were in pursuant to statutes, government regulations and industry standards existing at the time alleged. Consequently, the Complaint is barred.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's Complaint is barred in whole or in part because COUNTY is not a business establishment as defined under the Unruh Act. The Unruh Act and its provisions do not apply to this case.

## NINTH AFFIRMATIVE DEFENSE

9. As a separate and distinct affirmative defense, COUNTY alleges that it is immune from liability for any damages Plaintiff may have suffered pursuant to California Government Code sections 815, et seq., 818 et seq., 820 et seq., 821 et seq., 822 et seq., 830.6, 831.2, 835, 835.4, 866, or all of them.

## TENTH AFFIRMATIVE DEFENSE

10. As a separate and distinct affirmative defense, COUNTY alleges that its programs, services and activities are readily accessible to and usable by persons with disabilities when viewed in their entirety and thus plaintiff's claims are barred.

///
///

1     WHEREFORE, defendant County prays that:

2     1.    Judgment be entered in favor of the County and against Garcia on his complaint and that the action be dismissed with prejudice;

    2.    Garcia take nothing against defendants by this action;

    3.    For cost of suit and reasonable attorneys' fees; and

    4.    For such other and further relief as the court deems just and proper.

DATED:

14 MARCH 2008

JOHN J. SANSONE, County Counsel

By _____
WILLIAM H. SONGER, Senior Deputy
Attorneys for Defendants County of San Diego

Declaration of Service

I, the undersigned, declare:

That I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the service occurred; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

On March 14, 2008, I served the following document: **Answer by Defendant County of San Diego** in the following manner:

☐ By personally delivering copies to the person served.

☐ By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at San Diego, California.

☐ By faxing a copy to the person served. The document was transmitted by facsimile transmission and the transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

☒ By electronic filing, I served each of the above referenced documents by E-filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

Mark D. Potter, Esq.
Russell C. Handy, Esq.
Center for Disability Access, LLP
100 East San Marcos Blvd., Ste. 400
San Marcos, CA 92069-2988
(Attorneys for Plaintiff Pedro Garcia)

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 14, 2008, at San Diego, California.

By: s/Valerie Palid, Confidential Legal Secretary

(Pedro Garcia v. County of San Diego; USDC No. 08-CV-0195 BTM (JMA))