UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PEDRO GARCIA, | ) | Case No. 08-CV-0195-BTM (JMA) |
| | ) | |
| Plaintiff, | ) | **NOTICE AND ORDER FOR EARLY** |
| | ) | **NEUTRAL EVALUATION CONFERENCE** |
| v. | ) | |
| | ) | |
| COUNTY OF SAN DIEGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ——————————————— | ) | |

   **IT IS HEREBY ORDERED** that an Early Neutral Evaluation Conference will be held on **April 28, 2008** at **10:00 a.m.** in the chambers of the Honorable Jan M. Adler, United States Magistrate Judge, Room 1165, U.S. Courthouse, 940 Front Street, San Diego, California.

   Pursuant to Rule 16.1(c) of the Local Rules of the United States District Court for the Southern District of California, **all named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear <u>in person at the conference</u>,** shall be prepared to discuss the claims and defenses, and shall be legally

08cv0195

and factually prepared to discuss and resolve the case at the Early Neutral Evaluation conference. **The individual(s) present at the Early Neutral Evaluation Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to: 1) fully explore all settlement options and to agree during the Early Neutral Evaluation Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the Early Neutral Evaluation Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).**

Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. **The failure of any counsel, party or authorized person to appear at the Early Neutral Evaluation Conference as required will result in the immediate imposition of sanctions.**

All conference discussions will be informal, off the record, privileged, and confidential.

Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

Based upon the Court's familiarity with cases brought pursuant to the Americans with Disabilities Act, and in the interest of promoting the just, efficient, and economical

08cv0195

determination of this action, the Court issues the following orders:

1.   All discovery shall be stayed in this case until after the Federal Rule of Civil Procedure 26(f) conference;

2.   **Twenty-one (21) days** prior to the Early Neutral Evaluation Conference, Plaintiff's(s') counsel shall lodge with Magistrate Judge Adler's chambers, and serve on opposing counsel, a statement _not in excess of two pages_, including the following information:

    (a)   An itemized list of the specific issues on the subject premises which are the basis of the claimed violations under the Americans with Disabilities Act.  A recitation of regulations, by number, will not satisfy this requirement.  The claimed violations must be specifically described.

    (b)   A statement of the amount and category of damages claimed by Plaintiff(s) in this action.

    (c)   The amount claimed for attorneys' fees and costs; and

    (d)   The Plaintiff's(s') demand for settlement of the case in its entirety.

3.   **Fourteen (14) days** prior to the Early Neutral Evaluation Conference, counsel for the parties shall meet and confer regarding settlement of:

    (a)   The premises violations alleged; and

    (b)   Damages, costs, and attorneys' fees claims.

4.   **Seven (7) days** prior to the Early Neutral Evaluation Conference, counsel shall lodge with Magistrate Judge Adler's chambers a joint statement advising the Court of the status of

08cv0195

settlement negotiations and setting forth all issues in dispute, including property issues, Plaintiff's(s') alleged damages, and the claim for attorneys' fees and costs, along with a description of any settlement demands and/or offers exchanged.

5. The statements required to be lodged with the undersigned's chambers may be delivered directly to chambers, e-mailed to efile_adler@casd.uscourts.gov, or faxed to (619) 702-9939.

6. Plaintiff's(s') counsel shall be prepared to present to the Court for *in camera* review at the Early Neutral Evaluation Conference documentation supporting the amount of attorneys' fees and costs claimed.

Rule 26 of the Federal Rules of Civil Procedure shall apply to this case. In the event the case does not settle at the Early Neutral Evaluation Conference, the parties shall also be prepared to discuss the following matters at the conclusion of the conference:

1. Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1) to the initial disclosure provisions of Rule 26(a)(1)(A-E);

2. The scheduling of the Rule 26(f) conference;

3. The date of initial disclosures and the date for lodging the discovery plan following the Rule 26(f) conference; and

4. The scheduling of a Case Management Conference pursuant to Rule 16(b).

Plaintiff's(s') counsel shall give notice of the Early Neutral Evaluation Conference to parties responding to the

08cv0195

complaint after March 17, 2008.

Questions regarding this case may be directed to the Magistrate Judge's law clerk at (619) 557-5585.

**IT IS SO ORDERED.**

DATED:  March 17, 2008

Jan M. Adler
U.S. Magistrate Judge

5

08cv0195

**NOTICE OF RIGHT TO CONSENT TO TRIAL**
**BEFORE A UNITED STATES MAGISTRATE JUDGE**

IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 636(c), YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES, ON FORM 1A AVAILABLE IN THE CLERK'S OFFICE, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT. COUNSEL FOR THE PLAINTIFF SHALL BE RESPONSIBLE FOR OBTAINING THE CONSENT OF ALL PARTIES, SHOULD THEY DESIRE TO CONSENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT TO CONSENT IS ENTIRELY VOLUNTARY AND SHOULD BE COMMUNICATED SOLELY TO THE CLERK OF COURT.  ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.