1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11  PEDRO GARCIA,                        )  Case No. 08-CV-0195-BTM (JMA)
                                         )
12              Plaintiff,               )  **CASE MANAGEMENT CONFERENCE**
                                         )  **ORDER REGULATING DISCOVERY AND**
13  v.                                   )  **OTHER PRETRIAL PROCEEDINGS**
                                         )
14  COUNTY OF SAN DIEGO, et al.,         )  (Fed. R. Civ. P. 16)
                                         )  (Local Rule 16.1)
15              Defendants.              )  (Fed. R. Civ. P. 26)
                                         )
16  _____ )

17       Pursuant to Rule 16 of the Federal Rules of Civil Procedure,

18  a telephonic Case Management Conference was held on June 6, 2008

19  at 9:00 a.m.  After consulting with the attorneys of record for

20  the parties and being advised of the status of the case, and good

21  cause appearing,

22       **IT IS HEREBY ORDERED:**

23       1.   Any motion to join other parties, to amend the

24  pleadings, or to file additional pleadings shall be filed on or

25  before **August 8, 2008**.

26       2.   A telephonic Case Management Conference shall be held

27  before Magistrate Judge Adler on **September 11, 2008** at **9:30 a.m.**

28  Counsel for each party shall appear telephonically at this

1  conference.  The Court will initiate the conference call.

2       3.   Plaintiff(s) (or the party(ies) having the burden of

3  proof on any claim) shall serve on all parties a list of experts

4  whom that party expects to call at trial on or before **September**

5  **5, 2008**.  Defendant(s) (or the party(ies) defending any claim,

6  counterclaim, crossclaim, or third party claim) shall serve on

7  all parties a list of experts whom that party expects to call at

8  trial on or before **September 19, 2008**.  On or before **October 3,**

9  **2008**, any party may supplement its designation in response to any

10  other party's designation, so long as that party has not

11  previously retained an expert to testify on that subject.  Expert

12  designations shall include the name, address, and telephone

13  number of each expert, and a reasonable summary of the testimony

14  the expert is expected to provide.  The list shall also include

15  the normal rates the expert charges for deposition and trial

16  testimony.

17       The parties must identify <u>any</u> person who may be used at

18  trial to present evidence pursuant to Rules 702, 703 or 705 of

19  the Federal Rules of Evidence.  This requirement is <u>not</u> limited

20  to retained experts.

21       **Please be advised that failure to comply with this section**

22  **or any other discovery order of the Court may result in the**

23  **sanctions provided for in Fed. R. Civ. P. 37, including a**

24  **prohibition on the introduction of experts or other designated**

25  **matters in evidence.**

26       4.   All expert disclosures required by Fed. R. Civ. P.

27  26(a)(2) shall be served on all parties on or before **November 7,**

28  **2008**.  Any contradictory or rebuttal information shall be

disclosed on or before **December 5, 2008.**  In addition, Fed. R.
Civ. P. 26(e)(1) imposes a duty on the parties to supplement the
expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B)
by the time that pretrial disclosures are due under Fed. R. Civ.
P. 26(a)(3) (discussed below).  This disclosure requirement
applies to all persons retained or specially employed to provide
expert testimony, <u>or</u> whose duties as an employee of the party
regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section**
**or any other discovery order of the Court may result in the**
**sanctions provided for in Fed. R. Civ. P. 37, including a**
**prohibition on the introduction of experts or other designated**
**matters in evidence.**

5.   All discovery shall be completed by all parties on or
before **January 2, 2009.**  "Completed" means that all discovery
under Rules 30 through 36 of the Federal Rules of Civil Procedure
must be initiated a sufficient period of time in advance of the
cutoff date, so that it may be <u>completed</u> by the cutoff date,
taking into account the times for service, notice, and response
as set forth in the Federal Rules of Civil Procedure.  **<u>All</u>**
**<u>disputes concerning discovery shall be brought to the attention</u>**
**<u>of Magistrate Judge Adler no later than thirty (30) days</u>**
**<u>following the date upon which the event giving rise to the</u>**
**<u>dispute occurred.  For oral discovery, the event giving rise to</u>**
**<u>the discovery dispute is the completion of the transcript of the</u>**
**<u>affected portion of the deposition.  For written discovery, the</u>**
**<u>event giving rise to the discovery dispute is the service of the</u>**
**<u>response.  Counsel are required to meet and confer prior to</u>**

08cv0195

1 **contacting the Court regarding all discovery disputes pursuant to**
2 **the requirements of Local Rules 16.5(k) and 26.1(a).**

3      6.   All motions, other than motions to amend or join
4 parties, or motions in limine, shall be <u>filed</u> on or before
5 **February 6, 2009**.[1]  Motions will not be heard or calendared
6 unless counsel for the moving party has obtained a motion hearing
7 date from the law clerk of the judge who will hear the motion.
8 **Be advised that the parties must file their moving papers within**
9 **three (3) days of receiving their motion hearing date from the**
10 **Court. Be further advised that the period of time between the**
11 **date you request a motion date and the hearing date may be up to**
12 **sixty (60) days. Please plan accordingly.**  Failure of counsel to
13 timely request a motion date may result in the motion not being
14 heard.

15      Briefs or memoranda in support of or in opposition to any
16 pending motion shall not exceed twenty-five (25) pages in length
17 without leave of the judge who will hear the motion.  No reply
18 memorandum shall exceed ten (10) pages without such leave of
19 court.

20      7.   A Mandatory Settlement Conference shall be conducted on
21 **April 23, 2009** at **10:00 a.m.** in the chambers of Magistrate Judge
22 Adler.  Counsel shall submit settlement statements **directly** to
23 Magistrate Judge Adler's chambers no later than **April 16, 2009**.[2]
24 The parties may either submit confidential settlement statements

25
26      [1]Counsel should note that while historically motion cutoff
deadlines issued by this Court were deadlines for motion hearings, the
27 motion cutoff dates now being issued establish deadlines for the
parties to <u>file</u> motions.

28      [2]Statements may be delivered directly to chambers, e-mailed to
<u>efile_adler@casd.uscourts.gov</u>, or faxed to (619) 702-9939.

or may exchange their settlement statements.  Each party's
settlement statement shall set forth the party's statement of the
case, identify controlling legal issues, concisely set out issues
of liability and damages, and shall set forth the party's
settlement position, including the last offer or demand made by
that party, and a separate statement of the offer or demand the
party is prepared to make at the Mandatory Settlement Conference.
**The settlement conference briefs shall not be filed with the
Clerk of the Court.**

**All named parties, all counsel, and any other person(s)
whose authority is required to negotiate and enter into
settlement shall appear <u>in person at the conference</u>.  The
<u>individual(s) present at the Mandatory Settlement Conference with
settlement authority must have the unfettered discretion and
authority on behalf of the party to:  1) fully explore all
settlement options and to agree during the Mandatory Settlement
Conference to any settlement terms acceptable to the party (*G.
Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653
(7th Cir. 1989)), 2) change the settlement position of a party
during the course of the Mandatory Settlement Conference (*Pitman
v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)),
and 3) negotiate a settlement without being restricted by any
predetermined level of authority (*Nick v. Morgan's Foods, Inc.*,
270 F.3d 590, 596 (8th Cir. 2001)).</u>**

Governmental entities may appear through litigation counsel
only.  As to all other parties, appearance by litigation counsel
only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall
not</u> appear on behalf of a corporation as the party who has the

authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.**  All conference discussions will be informal, off the record, privileged, and confidential.

8.   The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **May 12, 2009**.

9.   No Memoranda of Contentions of Fact and Law are to be filed except in a bench trial.  In that case, counsel shall serve on each other and file with the Clerk of the Court their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2) on or before **May 12, 2009**.

10.   Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before **May 19, 2009**.

11.   Counsel shall comply with the Order Setting Form of Pretrial Order, filed concurrently with this Order, in preparing the pretrial order.

12.   The Proposed Final Pretrial Conference Order, including written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served, and lodged with the Clerk's Office on or before **May 26, 2009**.  Any objections shall comply with the requirements of Fed. R. Civ. P. 26(a)(3).  **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion**

08cv0195

**or waste of time) of the Federal Rules of Evidence.**

13.  The final Pretrial Conference is scheduled on the calendar of the Honorable Barry Ted Moskowitz on **June 2, 2009** at **4:00 p.m.**  The trial date will be assigned by Judge Moskowitz at the pretrial conference.

14.  The dates and times set forth herein will not be modified except for good cause shown.

15. Plaintiff's(s') counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATED:  June 6, 2008

                                        Jan M. Adler
                                        U.S. Magistrate Judge